[937 NYS2d 611]

In the Matter of KEVIN CHARLES HYMES (Admitted as KEVIN CHARLES HYMOWITZ), an Attorney, Resignor.

Second Department, January 31, 2012

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

*Kevin Charles Hymes,* White Plains, resignor pro se.

### OPINION OF THE COURT

Per Curiam.

Kevin Charles Hymes has submitted an affidavit dated

October 3, 2011, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Hymes was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 3, 1999, under the name Kevin Charles Hymowitz.

The respondent is aware of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into three complaints of professional misconduct alleging, inter alia, that he (a) failed to account for or otherwise deliver funds received, incident to his practice of law, upon demand; (b) failed to timely cooperate with the Grievance Committee's investigation; (c) neglected a legal matter entrusted to him; and (d) failed to properly maintain his attorney registration status.

The respondent avers that he would not be able to successfully defend himself on the merits against charges predicated upon the foregoing. The respondent further acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of its submission.

Additionally, the respondent acknowledges that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He further acknowledges the continuing jurisdiction of the Court to make such an order and he is aware that any order issued pursuant to this statute could be entered as a civil judgment against him. The respondent specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) to be heard in opposition thereto.

Finally, the respondent acknowledges and agrees that, pending the issuance of an order of the Court accepting his resignation, (a) he will not take on any new clients or accept any new retainers for future legal services to be rendered; (b) he will promptly notify all clients being represented in pending matters, as well as opposing counsel and any courts involved in said matters, that he has submitted the instant resignation and that provision must be made for his immediate relief as counsel; and (c) there will be absolutely no further transactional activity in his attorney trust account(s) at any financial institutions, other than for the payment of any undisputed funds held therein on behalf of clients or other third parties, to those clients or third parties.

The Grievance Committee recommends that the Court accept the respondent's resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Mr. Hymes is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, A.P.J., RIVERA, DILLON, ANGIOLILLO and LEVENTHAL, JJ., concur.

Ordered that the resignation of Kevin Charles Hymes, admitted as Kevin Charles Hymowitz, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kevin Charles Hymes, admitted as Kevin Charles Hymowitz, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Kevin Charles Hymes, admitted as Kevin Charles Hymowitz, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kevin Charles Hymes, admitted as Kevin Charles Hymowitz, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Kevin Charles Hymes, admitted as Kevin Charles Hymowitz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).